D. S. B. JOHNSTON LAND COMPANY, a Corporation, Relator,. v. H. D. CONVIS, as Treasurer of Bottineau County, North Dakota.

(157 N. W. 980.)

Mandamus to compel the county treasurer to issue tax receipts pursuant to a compromise of taxes on several hundred tracts made by relator and the board of county commissioners of Bottineau county by resolution of said board. The county treasurer refused to comply with the order of the board and accept less than the full amount of taxes due. *Held:*

County treasurer — issue tax receipts — mandamus to compel — taxes — compromise settlement — with board county commissioners — order of board — official proceedings — record of — compromise of taxes — grounds for — county treasurer — right to refuse to obey order — right of relator — must be established by action.

1. The record of official proceedings of the board of county commissioners

not showing affirmatively any valid ground for a compromise settlement of said taxes, the county treasurer, who is bound by law to collect the full amount of taxes due excepting where a valid compromise is made by the board of county commissioners, had the right to refuse to comply with the purported compromise settlement, and to require relator to establish by action a valid basis and cause therefor.

**Mandamus — moving papers — no valid compromise shown — proceedings dismissed.**

2. Upon the moving papers, no valid cause for compromise being shown, this proceeding in mandamus is dismissed.

**Mandamus — moving papers — board of commissioners — proceedings of — tracts of land affected — description of — not shown — judgment — must be certain — definite.**

3. Neither the moving papers nor the commissioners' proceeding describes the tracts upon which compromise of taxes was sought to be made, and as the issuance of tax receipts on certain specific tracts are asked to be compelled, relief by mandamus could not be granted, if otherwise proper, as any judgment to be entered against the treasurer must be definite and certain as to subject-matter.

Opinion filed April 28, 1916.

From a judgment of the District Court of Bottineau County dismissing this proceeding, *Buttz*, Acting Judge, Relator appeals.

Affirmed.

*R. C. Morton* and *W. E. Mohr* (*Lawrence & Murphy*, of counsel), for relator, appellant.

There is a distinction between the acts and duties of the county commissioners sitting as a board of equalization, and as the board of county commissioners sitting and acting under authority of a different statute. First Nat. Bank v. Lewis, 18 N. D. 390, 121 N. W. 836; Rev. Codes 1905, §§ 1553, 2722, Comp. Laws 1913, §§ 2165, 3646; Minot v. Amundson, 22 N. D. 236, 133 N. W. 551.

The board of county commissioners, acting as such, have the power to compromise taxes in instances like the case at bar. Hagler v. Kelly, 14 N. D. 218, 103 N. W. 629.

The fiscal affairs of the county are in the hands of the board of county commissioners, and they have power to abate or compromise a tax which became merged in a judgment if, in the fair exercise of

their discretion, such action was deemed advisable. Rev. Codes 1899, § 1907; Comp. Laws 1887, § 1616; Laws 1890, p. 398, chap. 132, § 56; Rev. Codes 1895, § 1243; Laws 1897, pp. 279, 280, chap. 126, §§ 59–61; Collins v. Welch, 58 Iowa, 72, 43 Am. Rep. 111, 12 N. W. 121; State v. Davis, 11 S. D. 111, 74 Am. St. Rep. 780, 75 N. W. 897.

*Bowen & Adams,* for respondent.

In an attempt of the board of county commissioners to abate or compromise a tax, the record should show the legal description of the real estate affected. No valid order could be made without this. The rule is clear that to compel a public officer, by mandamus, to perform an act, requires that there be an existing legal duty to perform such act, and that such legal duty be clear and positive, and that the facts existing clearly bring the applicant within the law prescribing such duty. Ward v. Beaufort County, 146 N. C. 534, 60 S. E. 418, 125 Am. St. Rep. 492, note; State ex rel. Wiles v. Albright, 11 N. D. 22, 88 N. W. 729; 26 Cyc. 157, 163, 165; 2 Bailey, Habeas Corpus & Spec. Rem. p. 799.

The board of county commissioners has no right to reduce an individual assessment. Minot v. Amundson, 22 N. D. 236, 133 N. W. 551.

Goss, J. An alternative writ of mandamus was issued, and upon motion was quashed and this proceeding dismissed. Relators appeal. Whether the matters recited in moving papers clearly entitle relator to the relief sought is the question presented.

The affidavit for the writ alleges that relator " is the owner of certain lots in the towns of Overly, Russell, Gardena, Eckman, Kramar, and Hurd, Bottineau county; that during the years 1911, 1912, and 1913 the relator, considering the taxes to be excessive on the lots owned by it in the aforesaid towns, refused to pay the said taxes, and that the said lots were thereafter advertised for sale as provided by law for the nonpayment of taxes thereon; that said lots were duly offered for sale as provided by law, and there being no bidders therefor the same were bid in by and for Bottineau county; that thereafter, on May 4, 1914, the relator, in accordance with the, provisions of § 2165 of the North Dakota Revised Codes of 1913, did offer to compromise the amount of said taxes with the county commissioners of Bottineau county; that said board of county commissioners, after due consideration of relator's

offer, did on May 4, 1914, accept the relator's offer of a compromise settlement of the amount due as taxes on the aforesaid property, and then and there voted to accept 50 per cent of the amount due as taxes on said property, in full settlement of the same. That a record of said proceedings and resolutions appear in the commissioners' proceedings of Bottineau county in the following words, to wit: 'Attorney R. C. Morton, representing the D. S. B. Johnston Land Company, of St. Paul, appeared before the board and submitted an offer on behalf of said company of $37\frac{1}{2}$ per cent in full settlement of taxes on lots in various towns for the years 1911, 1912, and 1913, amount of taxes to be based on statement rendered March 4, 1914. On motion the offer was rejected.

" 'Motion by Commissioner Sidener, seconded by Commissioner Capes, that the board accept 50 per cent (plus 12 per cent from date of March 4, 1914) of the amount of taxes due for the years 1911, 1912, and 1913, as shown on statement submitted March 4, 1914, in full settlement of taxes due for said years on the various lots as assessed against the D. S. B. Johnston Land Company in Bottineau county.' " That this motion was carried by a majority vote. "That after the acceptance of relator's offer as aforesaid, said board of county commissioners ordered the respondent, treasurer of Bottineau county, to issue tax receipts to relator, showing full settlement of all taxes on the aforesaid lots owned by relator. That thereafter on May 18, 1914, relator demanded of said treasurer the tax receipts hereinbefore described, and tendered to said treasurer $2,546.96 in full payment of said taxes, and also tendered any further sum or sums which might be due said county under the terms of settlement by virtue of said compromise and as might be shown by the books of said county treasurer." That said treasurer retained a check for the above amount for three months, and then returned the same uncashed, and refused to issue and deliver said tax receipts or otherwise comply with said compromise settlement of taxes, and that relator has no speedy or adequate remedy at law, and therefore asks a writ of mandamus to compel obedience by the county treasurer with the purported compromise settlement of said taxes and the order of said board of commissioners made therein. The alternative writ recites substantially the same matters. Upon the hearing thereon the county treasurer moved to quash the writ and dismiss the proceeding "on the grounds that neither the said alternative writ nor the affidavit therefor

state facts sufficient to warrant the issuance of said alternative writ or
the issuance of a peremptory writ, nor facts sufficient to warrant the
court in granting judgment of any kind, except one of dismissal." This
motion was granted. The court placed its order and judgment upon the
ground "that neither said alternative writ, nor the affidavit and petition
therefor, give, or pretend to give, any legal description of the town lots
or other real property claimed by the relators to be owned by it in the
six villages aforesaid; consequently, it is impossible to compel the re-
spondent to issue to said relator tax receipts as prayed for in the petition
for said writ." And the court was correct. Relator would supplement
or enlarge the basis for their application by referring to the official
minutes of the board of county commissioners wherein reference is made
to "amount of taxes due to be based on a statement rendered March 4,
1914," and again, "the amount of taxes due for the years 1911, 1912,
and 1913, as shown on statement submitted March 4, 1914." But as
against this county official, required to act only pursuant to the valid
order of the board of commissioners, assuming that order to be valid,
the minutes and proceedings of said board cannot thus be enlarged or
ingrafted upon. The county treasurer had the right to accept for his
guidance the official record of commissioners' proceedings, and to refuse
to act until authorized to do so by and under said record, and until the
same was definite, certain, and complete. From said record it is wholly
uncertain as to whether a compromise of taxes was made upon all lots
owned by relator in Bottineau county, or for certain lots only. True,
the resolution might be enlarged by reference to said statement if filed
with said commissioners or the county auditor, their clerk, but there is
no showing that any such statement was so filed. Nor does it appear
who rendered said statement, except perhaps it may be inferred that it
was one rendered by the county treasurer. The situation might be more
definite if it was not for the statement of appellant's brief and on argu-
ment—a statement which is accepted as the fact, although it cannot
supplement the affidavit or petition because not therein— that the taxes
on some 600 lots or tracts were involved as compromised. True, the
county treasurer has not answered explicitly stating that he refuses to
comply with the resolution, because he does not know therefrom upon
what tracts to figure taxes and to issue receipts, but it was unnecessary
for him, a public official, to thus raise the question, as it is a matter nec-

essary to be determined in the awarding of judgment. Any indefiniteness in the basic resolutions can be challenged in this manner.

Before this writ should be issued it must appear that the plaintiff has a clear legal right to the relief demanded, or, if the matter be one of discretion, that the discretion as exercised against relator was abused in the premises. Under these principles relator has failed to establish either the right or any abuse of discretion. Its right to a writ must be clear. The subject-matter to be affected by the writ is shown to be indefinite. That alone is sufficient upon which to deny this relief. But a court should not compel an acceptance of taxes upon a 50 per cent compromise, if there be any doubt as to the authority of the board authorized to compromise to so act in the particular case. And glancing at the commissioners' proceedings, there at no place appears a recitation of the grounds or of any legal ground upon which the board here acted in compromise of these taxes. True, the affidavit of the relator discloses the situation to be one for which, upon a sufficient legal cause shown, the board was authorized to compromise these taxes under § 2165, Comp. Laws 1913. But it could not so act without legal cause. And neither in the report of commissioners' proceedings, nor in the affidavit and petition, is there disclosed any sufficient legal cause for the compromise attempted. Merely that the relator refused to pay its taxes upon the grounds, as it avers, that it, "considering the taxes to be excessive on lots owned by it in the aforesaid towns, refused to pay said taxes," and allowed them to go to sale and be bid in by the county, is no sufficient ground to authorize county commissioners to compromise said taxes. Every taxpayer may think his taxes excessive, and refuse to pay them, and ask that they be reduced by compromise. But such is not a legal cause as is contemplated shall be shown to empower said board to compromise taxes. Hence, the county treasurer rightfully refused to recognize a compromise made without a basis in law therefor. Had the petition described with particularity the lots involved, nevertheless the writ should not have issued. The judgment appealed from is therefore affirmed, with costs.